[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16541

_____

D. C. Docket Nos.
02-00142-CV-6
02-00143-CV-6

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 21, 2006
THOMAS K. KAHN
CLERK

CHARLES B. SIGAL,

Plaintiff, Counter-Defendant-
Appellant,

versus

NASH-FINCH COMPANY,

Defendant, Counter-Claimant-
Appellee.

----------------------------------------------

CAROL J. TRIPP,

Plaintiff, Counter-Defendant-
Appellant,

versus

NASH-FINCH COMPANY,

Defendant, Counter-Claimant-
Appellee.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

**(February 21, 2006)**

Before EDMONDSON, Chief Judge, BLACK, and FAY, Circuit Judges.

PER CURIAM:

These are age, gender, and disability discrimination cases brought by
plaintiff-appellants Carol J. Tripp ("Tripp") and Charles B. Sigal ("Sigal") against
defendant-appellee Nash-Finch Company ("Nash-Finch") under the Age
Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, Title VII of
the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq*., and the
Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq*. Appellants
claim that the district court erred in concluding that their agreement with Nash-
Finch barred further legal action regarding appellants' claims. The district court
determined that appellants were not entitled to pursue further legal action for their
claims under their agreement with Nash-Finch because the EEOC issued a finding
equivalent to a "no cause" finding regarding appellants' claims. Whether or not
the EEOC's letters of determination regarding Tripp's and Sigal's charges

constituted a finding of "no cause" is the controlling issue in this case. We affirm the district court's conclusion that the EEOC issued "no cause" determinations to each of the appellants, and that they are therefore precluded from taking further legal action.

## I. Procedural History

Appellants Carol Tripp and Charles Sigal each filed separate lawsuits against Nash-Finch Company on December 26, 2002 in the United States District Court for the Southern District of Georgia. Tripp alleged age and sex discrimination and Sigal alleged age and disability discrimination. Nash-Finch asserted a counterclaim for breach of the non-litigation agreements executed by Tripp and Sigal on August 19, 2002 and August 30, 2002, respectively.

On March 17, 2003, Nash-Finch moved to dismiss and/or compel arbitration in both cases. On August 1, 2003, the district court granted Nash-Finch's motions to dismiss with prejudice, construing the motions in each case as motions for summary judgment. The court consolidated the two cases for purposes of the August 1, 2003 order. The court determined that Tripp and Sigal had both signed agreements with Nash-Finch which now precluded them from filing suit. Specifically, the court concluded that the EEOC's finding of "no cause" for appellants' respective charges against Nash-Finch triggered non-litigation

3

provisions in the agreements.

Tripp and Sigal appealed the district court's grant of summary judgment and we reversed. The district court had erred by converting Nash-Finch's motions to dismiss into motions for summary judgment without providing the parties with the required ten days notice in order that they might supplement the record. See Fed. R. Civ. P. 56.

On remand, Tripp and Sigal received proper notice but failed to supplement the record. Then the district court, having the same record, considered Nash-Finch's motions a second time and granted summary judgment. The court issued two separate Orders dismissing each complaint with prejudice. Tripp and Sigal now appeal those Orders. The appeals were consolidated.

## II. Factual Background

In February and March of 2002, Tripp and Sigal filed separate charges of discrimination with the EEOC alleging that Nash-Finch fired them based on their age. While the EEOC conducted its investigation of the charges, Nash-Finch requested arbitration with the American Arbitration Association (AAA) in accordance with the organization's Dispute Resolution Plan.

On May 1, 2002, Sigal amended his EEOC charge to include a charge of discrimination in violation of the ADA. On May 14, 2002 Tripp amended her

charge to include sex discrimination under Title VII. On July 31, 2002, the parties were directed to arbitrate, and in response, decided instead to execute a side agreement. Tripp and Sigal executed identical agreements, each entitled "Memorandum of Understanding," which contained a series of litigation alternatives based on possible EEOC determinations. Specifically, the agreement provided that in the event the EEOC issued a finding of "no cause," the matter would be closed and appellants would sign a release. If, on the other hand, the EEOC issued a finding that was inconclusive or found that there was sufficient evidence to support the charges, appellants would have the right to pursue their claims. The validity and binding effect of these Memoranda is undisputed.

On September 25, 2002, the EEOC issued a determination for each of the two cases. The EEOC used a standard form containing ten possible reasons for dismissal with a vertical row of boxes to the left of each possible reason. The EEOC entered an "X" inside the box beside the eighth statement which read as follows:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

Nash-Finch interpreted these as "no cause" findings and subsequently prepared

5

release agreements for Tripp and Sigal in accordance with the Memoranda of Understanding.

Tripp and Sigal, on the other hand, interpreted the EEOC determinations as generic right to sue letters, entitling them to pursue arbitration. Thus, they refused to sign their respective releases and sought to go forward with the AAA arbitration. Nash-Finch informed the AAA that it would not consent to arbitration. Nash-Finch explained that Tripp and Sigal had contractually waived their rights to pursue these claims. Appellants responded by filing these lawsuits in federal court.

### III. Discussion

We review a district court's grant of summary judgment *de novo*, viewing evidence in the light most favorable to the opposing party. Kerr v. McDonald's Corp., 427 F.3d 947, 951 (11th Cir. 2005). The issue before us is whether or not the EEOC issued a finding of "no cause" regarding appellants' charges, thus precluding them from compelling arbitration with appellee. We agree with the district court, and find that the EEOC's determination in this case constitutes a "no cause" finding. The language of the form issued to appellants, the EEOC regulations and procedures, and a statement by the EEOC Area Director[1] all

---

[1] The Area Director for the EEOC office that investigated appellants' charges verified that the EEOC determinations were "no cause" findings in a declaration dated April 4, 2003.

support the conclusion that the EEOC's determination in this case was the equivalent of a "no cause" finding.

The form issued to each appellant stated as the reason for dismissal that the Commission was "unable to conclude that the information obtained establishes violations of the statutes." Appellants argue that the operative language of the form indicates that the EEOC failed to draw any conclusion from the evidence presented, and therefore the determination could not be considered a "no cause" finding. Moreover, appellants submit that the language, quoted above, regarding non-certification of compliance, and inapplicability to issues outside the present charge, further support the conclusion that the EEOC was unable to make a determination.

We disagree. The form clearly indicates that the EEOC investigated appellants' charges and found that, based on the evidence submitted, appellants were unable to establish a violation of the relevant statutes. The fact that the form does not certify Nash-Finch's compliance with the statutes does not mean that it cannot constitute a "no cause" finding. The language is merely consistent with an ordinary plaintiff's right to sue after receiving a "no cause" finding from the EEOC. Appellants, however, have already negotiated a different outcome by agreeing to refrain from taking further legal action in the event of a "no cause"

7

finding. For the same reasons, the fact that the form contains a standard right to sue notice does not render it a "generic Notice of Right to Sue letter" for purposes of the Memorandum of Understanding. This alternative in the Memoranda assumes that the EEOC did not make a determination. We find, however, that the EEOC made a "no cause" determination.

Furthermore, an EEOC Area Director stated unequivocally that the forms issued to appellants were "no cause" determinations. She explained that the forms simply use different language to express what is commonly referred to as a "no cause" finding. Thus, although the EEOC dismissal forms did not contain the specific phrase "no cause," these forms nevertheless constituted "no cause" findings by the EEOC.

Finally, the EEOC Area Director's statement is consistent with EEOC regulations and procedures. EEOC regulations state that, "Where the Commission completes its investigation of a charge and finds that there is not reasonable cause to believe that an unlawful employment practice has occurred, the Commission shall issue a letter of determination to all parties to the charge indicating the finding." 29 C.F.R. § 1601.19(a) (2005). Notably, the regulations do not require the use of any specific language to indicate a "no cause" determination. The EEOC merely chose to express findings of "no cause" using the language contained in the

forms issued to appellants, but this does not change the nature of those findings.

## IV. Conclusion

The district court properly granted summary judgments to appellee, Nash-Finch in these cases. Appellants, Tripp and Sigal each negotiated and signed an agreement with Nash-Finch that barred their ability to take further legal action in the event that the EEOC issued a determination of "no cause" regarding their charges. We find that the EEOC did, in fact, issue "no cause" determinations. The summary judgments are **AFFIRMED.**